**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2319-21

THOMAS "TJ" MARTINO, PT,
DPT, and JULIANA MARTINO,

      Plaintiffs-Respondents,

v.

CARTERET COMPREHENSIVE
MEDICAL CARE, P.C., d/b/a
MONROE COMPREHENSIVE
MEDICAL CARE, P.C., JOSEPH
BUFANO, JR., both individually
and as an Owner, Partner, Agent/
Servant and/or Employee of Carteret
Comprehensive Medical Care, P.C.,
d/b/a Monroe Comprehensive Medical
Care, P.C., CHRISTOPHER BUFANO,
both individually and as an Owner,
Partner, Agent/Servant and/or Employee
of Carteret Comprehensive Medical
Care, P.C., d/b/a Monroe Comprehensive
Medical Care, P.C., and DR. MICAH
LEIBERMAN, both individually and as
an Owner, Partner, Agent/Servant and/
or Employee of Carteret Comprehensive
Medical Care, P.C., d/b/a Monroe
Comprehensive Medical Care, P.C.,

Defendants-Appellants.

_____

Submitted September 14, 2022 – Decided September 26, 2022

Before Judges DeAlmeida and Mitterhoff.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3906-20.

Gordon Rees Scully Mansukhani, LLP, attorneys for appellants (Michael S. Hanan and Stephanie Imbornone, on the briefs).

Goldman Davis Krumholz & Dillon PC, attorneys for respondent Thomas "TJ" Martino (Kelly A. Smith and Paula M. Dillon, on the brief).

PER CURIAM

In this discovery dispute arising from an employment action, defendants Carteret Comprehensive Medical Care, P.C., d/b/a Monroe Comprehensive Medical Care, P.C., Joseph Bufano, Jr., Christopher Bufano, and Dr. Micah Leiberman appeal from a February 4, 2022 order, striking defendants' answer without prejudice for failure to provide discovery, and a February 24, 2022 order, denying defendants' cross-motion for a protective order. We reverse.

We discern the following facts from the record. Defendants own and operate several chiropractic and physical therapy facilities in New Jersey.

2

Plaintiff, a licensed physical therapist, was an employee of defendants until December 2019, when plaintiff was either fired or resigned.

On July 17, 2020, plaintiff filed his complaint against defendants alleging violations of New Jersey employment law. On June 10, 2021, plaintiff filed a motion to compel responses to notices to produce dated April 8, 2021 and April 22, 2021. The subject notices sought: (1) defendants' personnel files; (2) exit interviews of former employees; and (3) the insurance policy that may cover any potential recovery.

On January 10, 2022,[1] the judge granted plaintiff's June 10, 2021 motion, ordering defendants to respond to plaintiff's discovery requests within fourteen days, and to produce witnesses for deposition. On January 25, 2022, defendants objected, claiming confidential information would be revealed by the document production. Defendants indicated that they would amend their response and produce the documents, provided they were marked as confidential pursuant to a confidentiality order. Defendants included a proposed confidentiality order for plaintiff's consideration.

---

[1] The order is dated January 10, 2022 but defendants claim it was not uploaded to the E-docket or served until January 11, 2022.

A-2319-21

Instead of responding to the request, on January 26, 2022, plaintiff filed a notice of motion on short notice to strike defendants' answer with prejudice.[2] Prior to filing the motion to strike, plaintiff's counsel sent three emails to defense counsel inquiring about the outstanding court-ordered discovery. The first email, sent on January 25, 2022, at 4:19 p.m., stated, in relevant part:

> I am following up on the production of documents. Per the Court Order, these documents were to be provided yesterday. Please advise as to their status.

The second email, sent on January 25, 2022, at 5:29 p.m., stated:

> I think you are in violation of the court's order. Further, I do not understand why you would not have provide[d] a Confidentiality Order some time ago, if that were the reason you withheld the production of the documents.
>
> Do you actually intend on producing anything? If so, how many pages do you intend on producing?
>
> I am fairly certain the Court will not be happy with your response.

The third and final email, sent on January 25, 2022, at 5:33 p.m., stated:

> After further consideration, please provide the responsive documents by close of business today, with or without the confidentiality order.

---

[2] The trial court did not strike defendants' answer with prejudice; it only did so without prejudice.

A-2319-21

On January 31, 2022, a clerk's notice was entered on the E-docket, indicating that the court would hear the motion to strike defendants' answer on short notice on February 4, 2022. The clerk's notice did not set any deadline by which defendants would be required to submit opposition. If plaintiff's motion to strike had not been heard on short notice, it would have been returnable on February 18, 2022 and defendant's opposition would have been due on February 10, 2022.

On February 3, 2022, defendants filed opposition to plaintiff's motion to strike and a cross-motion for a protective order on short notice. The opposition was received by the court at 6:49 p.m. that same day. In addition, defendants uploaded over 700 pages of confidential, redacted documents to the court for an in-camera review.[3] On February 4, 2022, a clerk's notice was entered on the E-docket indicating that defendants' cross-motion for a protective order would also be decided on February 4, 2022.

On February 4, 2022, the motion judge entered an order granting plaintiff's motion, stating: "Defendant's Answer is stricken without prejudice for failure to comply with the Court's January 10, 2022, order." The order provided:

---

[3] The "most highly sensitive information" in the confidential documents (including social security numbers, other personal identifiers, passwords, medical information, and unrelated insurance information) was redacted.

The motion is GRANTED and deemed unopposed, as opposition was not filed until 6:49 [p.m.] the evening before the motion was returnable. The defense was made aware via a clerk's notice posted to the eCo[u]rts case jacket as of this matter on Monday, January 31, 2022, that plaintiff's motion to strike would be heard on short notice. As the defense's cross-motion seeks a protective order of discovery which they have already been court ordered to produce, the cross-motion will be treated as a motion to reconsider that order. Moreover, the defense did not make any formal request for their cross-motion to be heard on short notice, so same will be treated as its own motion with a return date of February 18, 2022.

By order dated February 24, 2022, the motion judge denied defendant's cross-motion for a protective order, which it treated as a motion to reconsider the earlier January 10th order. The order provided:

> Movant assumed that the Court would conduct an in-camera review of these records and submitted everything to the Court without leave for an in-camera review. Under those circumstances, anything filed and/or submitted to the Court is open to public inspection. Clearly, if the documentation is open to the public, there is no need for a protective order. Moreover, as was previously indicated on the Court's Order dated February 4, 2022, this motion was considered a reconsideration of the Court's Order dated January 10, 2022, as Movant seeks a protective order concerning the materials the January 10, 2022 Order compelled Movant to produce. Pursuant to R. 4:42-2, no revision of the Court's Order dated January 10, 2022 is required in the interest of justice.

On April 4, 2022, we granted defendants' motion for leave to appeal the February 4th and February 24th orders.

On appeal, defendants raise the following arguments:

POINT I

THE TRIAL COURT ERRED BY ENTERING THE ORDER DATE FEBRUARY 4, 2022.

A. Plaintiff Did Not Obtain The Requisite Court Order For Having A Motion Heard On Short Notice.

B. Defendants Filed Opposition To Plaintiff's Motion To Strike That The Trial Court Failed To Consider.

C. On Procedural And Substantive Grounds, [Plaintiff's] Motion To Strike Should Not Have Been Granted.

D. The Trial Court Erred By Finding That Defendants Did Not Request That Their Cross-Motion Be Heard On Short Notice.

POINT II

THE TRIAL COURT ERRED BY ENTERING THE ORDER DATED FEBRUARY 24, 2022.

Having reviewed the record and the applicable Rules of Court, we conclude that the motion judge's determinations to hear plaintiff's motion on short notice, disregard the opposition, and treat the cross-motion as one for

7

reconsideration were each a mistaken exercise of his discretion. We are therefore constrained to reverse both orders.

We first address the February 4, 2022 order, striking defendants' answer without prejudice. Rule 4:23-5 sets forth the well-established two-step process that works as a "procedural safeguard" for delinquent parties. Both steps must be satisfied before a motion to dismiss with prejudice can be entered for discovery violations. Thabo v. Z Transp., 452 N.J. Super. 359, 369-71 (App. Div. 2017). "The main objective of the rule is to compel [discovery] rather than to dismiss the case." Adedoyin v. Arc of Morris County Chapter, Inc., 325 N.J. Super. 173, 180 (App. Div. 1999) (quoting Pressler, Current N.J. Court Rules, cmt. 3 on R. 4:23-5).

Step one is dismissal without prejudice. R. 4:23-5(a)(1). Thereafter, the delinquent party has sixty days to cure and move to reinstate the pleading. R. 4:23(a)(2). If it does not, step two allows the non-delinquent party to seek dismissal with prejudice. R. 4:23-5(a)(2). These procedural requirements "must be scrupulously followed and technically complied with." Thabo, 452 N.J. Super. at 369.

A party seeking relief under Rule 4:23-5(a) must also comply with Rule 1:6-3(a), which prescribes the time frames for filing and serving all motion

papers. Pursuant to R. 1:6-3(a), a notice of motion must be filed and served no later than 16 days before the return date "unless otherwise provided by court order,"[4] and any opposition to the motion must be filed and served no later than 8 days before the return date "unless the court relaxes that time." (emphasis added).

There is no provision in the Court Rules that provides a procedure or standard for which to alter the time frames in R. 1:6-3(a) to allow a judge to hear a motion on short notice. In fact, the words "short notice" do not appear anywhere in the rules. Although the Rule affords a judge some discretion to relax the sixteen-day window, in this case there was no discernable justification to hear plaintiff's motion to strike on short notice, and the record does not establish any pressing need to truncate the briefing schedule set by the court rules. Moreover, as a matter of fairness, having determined to hear plaintiff's application on February 4, 2022, the judge should have entertained the opposition and cross-motion on short notice as well.

---

[4] On January 31, 2022, defendants were notified by way of a clerk's notice, rather than court order, that the court would hear plaintiff's motion to strike on short notice.

In that regard, the judge compounded the problem by disregarding the opposition as untimely. Under Rule 1:6-2(a), a motion will be deemed uncontested unless responsive papers are timely filed and served in adherence with the above briefing schedule. In Tyler v. New Jersey Auto. Full Ins. Underwriting Ass'n, however, we cautioned against trial courts refusing to consider motion papers that were filed late but were in the court's hands prior to the return date, stating:

> It is a mistaken exercise of judgment to close the courtroom doors to a litigant whose opposition papers are late but are in the court's hands before the return day for a motion which determines the meritorious outcome of a consequential lawsuit. "Swift justice demands more than just swiftness." Late filings of motion papers can be met with a variety of judicial responses afforded by existing court rules. Among them are sanctions designed to discourage late filings without determining the outcome of a case.

228 N.J. Super. 463, 468 (App. Div. 1988) (quoting Henderson v. Bannan, 256 F.2d 363, 390 (6th Cir. 1958) (Stewart, J., dissenting)).

The motion judge's disregard of defendants' opposition is particularly unfair because his decision to hear plaintiff's motion to strike on short notice prevented defendants from being able to file opposition or a cross-motion eight days before the return date, as required by the rule. Further, the clerk's notice failed to set a new deadline for defendants to file opposition or a cross-motion.

10

Given the truncated and ambiguous briefing schedule, we find that the trial court's refusal to consider defendants' opposition papers is precisely the type of "injustice" that the general relaxation provision of R. 1-1:2 seeks to protect against.

As a final concern, plaintiff's submission was procedurally deficient and, for that reason alone, should not have been granted. Rule 4:23-5(a)(3) requires the moving party to comply with R. 1:6-2(c) before moving to strike, which states:

> Every motion in a civil case . . . involving any aspect of pretrial discovery . . . shall be listed for disposition only if accompanied by a certification stating that the attorney for the moving party has either (1) personally conferred orally or has made a specifically described good faith attempt to confer orally with the attorney for the opposing party in order to resolve the issues raised by the motion by agreement or consent order and that such effort at resolution has been unsuccessful, or (2) advised the attorney for the opposing party by letter, after the default has occurred, that continued non-compliance with a discovery obligation will result in an appropriate motion being made without further attempt to resolve the matter.

Here, the three emails sent in the space of less than an hour the day before the motion was filed do not satisfy the Rule, as plaintiff's counsel did not indicate that defense counsel's continued non-compliance would "result in an appropriate motion being made." There is no mention of any proposed course

of action and no attempt to meet and confer. In that regard, defense counsel indicated that they would amend their response and produce the documents requested if plaintiff's counsel would agree to mark the documents confidential pursuant to a confidentiality order. Plaintiff's counsel did not certify that no confidential materials were included in the demand or why they would otherwise not sign the order. Plaintiff's counsel only certified as to the communications contained in the January 25, 2022 emails, which were clearly deficient. We find that plaintiff's failure to make a good faith attempt at resolving the discovery dispute that is at the heart of his motion to strike further precludes the relief granted by the trial court.

With respect to the order dated February 24, 2022, we find the judge erred in treating the cross-motion as a motion for reconsideration of the judge's January 10th order. Defendants do not dispute their obligation to provide the documents but seek the court's intervention to protect confidential information about non-parties. As the motion judge found, defendants' posting the disputed documents to the case file online is highly problematic in that njcourts.gov is a public domain subject to unfettered inspection by the public. The appropriate

procedure would be to request an in-camera review and, if permission is granted, defendants would submit unredacted copies to the judge's chambers under seal.[5]

At the same time, we find the judge was unduly dismissive of the nonparties' privacy rights. The court can issue an order to remove the documents from the case jacket and allow defendants to follow the appropriate procedure for requesting an in-camera review to determine if in fact the documents contain any confidential information. If so, the judge may redact the record or provide that the documents will be produced subject to a confidentiality order. Alternatively, plaintiff may wish, in the interests of expediency, to execute the proposed confidentiality order, or one with revisions. In any event, the issue whether defendants are entitled to a protective order needs to be resolved on the merits in order for the case to progress.

To the extent that we have not addressed defendants' remaining arguments, we find that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] We reject defendants' argument that the judge was required as a matter of law to review the documents. Defendants' argument to the contrary relies on two unpublished opinions of this Court which are neither on point nor controlling.

13                                                          A-2319-21